The opinion of the Court was delivered by---
Mr. Justice Cheves.
The motion for a nonsuit in this case, I think, Ought not to be granted. The first ground is, that the defendant had a lien on the negroes, and was, therefore, justified in retaining them, until his demand was satisfied. The right to retain, as ageneral rule, in such a case, is very clear; but, if his full demand be tendered to the holder, and he refuse it, he has no ionger a right to retain; and the refusal to deliver, on the tender of payment, is evidence of a conversion. The object of a tender is to establish a conversion. Any act of the deCendant, therefore, which shows that he detains the property for any purpose not justifiable in itself, is evidence of the conversion; and, in this case, the evidence abundantly proves the intention of the defendant to withhold the property from the plaintiff! Though his demand had been paid, he not only would not deliver the negroes on payment of the utmost amount he demanded, but he appears studiously to have avoided giving precision.to his demand, in order that it might not be specifically tendered. I should myself hold, that a refusal, after due notice, to give precision to a like demand, would, of itself, render ,a specific tender unnecessary. And if it could be distinctly seen that nothing was due, a tender *242 was unnecessary of any pretended demand. Now in this case it seems obvious, that nothing was due to the defendant. He did not pretend his demand had ever been more than between 200 and 300 dollars, and he had enjoyed the services of a valuable family of negroes for upwards of six years, at the time the demand was made, which were, at least, equivalent for the utmost amount he claimed.
1st evidence of a demand, in an action of trover, it is not requisite to prove that plaintiff, at the time, exhibited his title to the property, if the defendant were apprised of the title otherwise.
Second, The next ground is, that Byrd, being out of possession, had only a right of action, and, by the rules of the Common Law, could not assign his interest’ in these negroes. In point of fact this ground is without foundation ; the possession of the defendant was the possession of Byrd; his possession was not adverse. But the rule of the Common Law alluded to, has been long since exploded with us. The transactions of every day, in the business of life, at the bar, and in the business of the community, generally, show that it has no longer any authority; it has been wisely exploded.
Third and fourth — The two last grounds are, in substance, the same. They are, that a refusal to deliver is not a proof of conversion, unless the person making the demand, show his authority^ or title, and that the plaintiff did not do so at the time of the demand and refusal, which were given in evidence. It was not necessary that the plaintiff should have exhibited his title, or authority, at the time of the demand made. *243 The defendant had been apprised of it by the previous suit, and by the exhibition of his bill of r J , . sale in that suit, as evidence. Nor was it necessary to have proved any notice to the defendant of the plaintiff’s title, unless the defendant had refused to deliver the property, on the ground of ignorance of the plaintiff’s right. (2 Esp. N. P. 203, Gould's Edit.)
The ground of the motion for a new trial is without even the semblance of plausibility. The sale to the plaintiff was necessarily subject to the claim of the defendant, whatever it might be, who held the property as a pledge for it. The sale could have no tendency to defeat it. The motions for a nonsuit and a new trial must, therefore, both be refused.
Colcock, JYolt, Johnson, and Gantt, J. concurred.